STATE v. WILLIAM H. VANN.

*Appeal—Insanity—Stay of Judgment and Execution.*

1. No appeal lies from an order of continuance of a cause.

2. If a prisoner after conviction of a capital felony suggests insanity, the judgment must be suspended until the fact can be tried by a jury; if after judgment, execution must be likewise stayed.

(*State* v. *Hinson*, 82 N. C., 540; *State* v. *Pollard*, 83 N. C., 579; *State* v. *Lane*, 4 Ired., 434, cited and approved.)

PROCEEDING in a criminal action at Fall Term, 1880, of HERTFORD Superior Court, before *Schenck, J.*

The prisoner being brought to the bar of the court for judgment pursuant to the decision of this court, reported in 82 N. C., 631, was asked if he had anything further to say than he had already said why sentence of death should not be pronounced upon him, and in answer thereto (through his counsel) suggested that the prisoner since his conviction had become insane, and in support thereof produced affidavits. Thereupon he demanded a jury trial of the question of his insanity and asked for a continuance of the cause until the next term to prepare for trial. The court held that he was entitled to a jury to inquire into the fact, and if it should be found favorably to the prisoner, the judgment must be suspended until his sanity was restored, and thereupon remanded him to prison and continued the case that the issue might be tried by a jury. From this ruling the solicitor for the state appealed.

*Attorney General,* for the State submitted the case upon the rule laid down in 4 Blk. Com., 25, 395, 396.

No counsel for defendant.

SMITH, C. J. The order is strictly one of continuance

based upon an opinion hypothetical and dependent upon the finding of the jury. If that finding be adverse to the prisoner, the question will not arise. It is needless to cite authorities to show that an appeal in a criminal case lies to this court only after a final determination, and we simply refer to the recent case of *State* v. *Hinson*, 82 N. C., 540, and those therein cited, and its recognition in *State* v. *Pollard*, 83 N. C., 597.

It is true that in *State* v. *Lane*, 4 Ired., 434, the late chief justice then presiding in the superior court of law of Edgecombe, refused to proceed to judgment according to the mandate of this court, on the ground that one of its members having died during the argument, the two surviving judges were incompetent to proceed until the vacancy was supplied, and an appeal from this refusal was entertained and a peremptory mandate awarded. But this was in substance a final determination of the cause as then before the superior court, and furnishes no precedent for the present appeal.

As however the question intended to be presented will probably arise hereafter, and we have formed a definite opinion upon it, we will consider and dispose of this assigned error also. We concur entirely with the ruling of His Honor, that judgment must be suspended if the prisoner has become insane since his trial and is still insane, until he recovers his reason, and that an issue to be submitted to the jury is the proper mode of ascertaining the truth of his allegation. The principle is thus laid down by LORD HALE : " If a man in his sound memory commits a capital offence, and before his arraignment he becomes absolutely mad, he ought not by law to be arraigned during such his phrensy, but be remitted to prison until that incapacity be removed. \* \* \* And if such person after his plea and before his trial become of non-sane memory, he shall not be tried ; *or if after his trial he become of non-sane memory, he shall not re-*

*ceive judgment; or if after judgment he become of non-sane memory, his execution shall be spared;* for were he of sound memory, he might allege somewhat in stay of judgment or execution." Hale P. C., 34. The same language is used by BLACKSTONE, and he adds: "For as is observed by Sir ED-WARD COKE, the execution of an offender is for example, *ut poena ad paucos, metus ad omnes perveniat;* but so it is not when a madman is executed, but should be a miserable spectacle, both against law and of extreme inhumanity and cruelty, and can be no example to others. But if there be any doubt whether the party be *compos* or not, this shall be tried by a jury." 4 Blk. Com., 25. The same rule is laid down by the elementary writers and may be found in adjudged cases. Shel. on Lunacy, 467; 1 Bish. Cr. L., § 487; *Freeman* v. *People*, 4 Denio, 9.

But for the reasons stated, the appeal was improvidently taken and must be dismissed.

PER CURIAM.                    Appeal dismissed.