## WITTKOWSKY & RINTELS v. G. W. LOGAN.

(For syllabus, see preceding case.)

MOTION made by the defendant to be allowed to file exceptions to the report of a referee, and heard at Fall Term, 1881, of RUTHERFORD Superior Court, before *Avery, J.*

At spring term, 1881, of said court, when the referee submitted his report, an order was made by the judge presiding, to allow defendant's counsel ninety days after the term to file exceptions thereto. The exceptions were prepared after the preliminary call of the docket at fall term, 1881, and when the case was peremptorily called for trial at that term, the court stated to counsel for defendant, that while it was discretionary with the court to allow or disallow the motion, the counsel would be permitted to read the exceptions offered in connection with the referee's report, in order that the discretionary power of the court might be more intelligently exercised, and if after hearing a full discussion, it appeared to the court, considering all the circumstances, that the exceptions were offered for delay, (as insisted by the plaintiffs) then the motion would be disallowed, even though some of the exceptions offered might have been sustained on technical grounds, if filed in apt time.

After argument upon the exceptions, the court declined to allow the motion and ordered the report to be confirmed and gave judgment accordingly for the plaintiffs, from which judgment the defendant appealed.

*Mr. M. H. Justice,* for plaintiff.
*Messrs. Reade, Busbee & Busbee,* for defendant.

ASHE, J. The law requires every one who excepts to a report of a referee or commissioner to file his exceptions

thereto, at the term of the court to which the report is sub-
mitted; he can claim no further time as a matter of right;
after that term he can only file them by leave of the court
granted in the exercise of its discretion.   Here, the defend-
ant failed to file his exceptions at the spring term to which
the report was made, and upon his motion ninety days
were given him in which to file them.   He failed again to
do so, and then at the subsequent term asked to file them,
but His Honor refused the motion.   It was a matter en-
tirely within his discretion over the exercise of which we
have no control.

The case of *Long* v. *Logan*, *ante* 535, with the authorities
there cited, is decisive of this case.   If anything, this is a
stronger case against the defendan  than that; for there, his
motion was based upon an affidavit in which he undertook
to excuse his laches, but in this case there is no excuse
offered.

There is no error.   This must be certified to the superior
court of Rutherford that further proceedings may be had
according to law.

No error.                                    Affirmed.