In *Twitty* v. *Logan*, from Rutherford.

SMITH, C. J.  Upon the hearing of the defendant's motion to set aside the judgment under section 133 of the Code, His Honor finds the facts to be these :

At the special term of the superior court of Rutherford, held in August, 1880, and on the calling of the cause, the defendant's counsel announced that he was not prepared to enter upon the trial in consequence of the absence of his client, and asked for a continuance.  In support of the motion the attending physician was introduced as a witness, and testified that the defendant was unable from sickness to be present, produced in a measure by excitement and over anxiety about several important suits depending in the court, as the time of trial approached, and that he had advised the defendant that his attendance would imperil his life.  The presiding judge thereupon stated that no affidavit had been offered to show the necessity of the defendant's presence, or that he could give any material testimony in his support, and ruled that the cause must be tried, but it would not be entered upon until the afternoon session. After deliberating, the defendant's counsel remarked that he would be no better prepared by the short interval allowed, and if compelled to try he would begin at once.  The jury were then empanelled, and after recess the trial proceeded

terminating in a verdict and judgment for the plaintiff. The defendant appealed, but failing to perfect his appeal under the statute, applied to this court for a writ of *certiorari* to bring up the record, which application was depending at the time the present motion was acted on.

The judge also sets out the substance of the defendant's affidavit, offered in support of his motion for relief, in which he assigns his health and physical condition, and the advice of his physician, as the reasons for non-attendance upon the trial; and that, if present, he would have testified to the value of the rents he had collected, with which, assessed, as damages, for detaining the land in dispute, he is charged by the finding of the jury; and also to the value of permanent improvements put on the premises, adding his assurance of the validity of his own title. The court finds that no claim for betterments is set up in the answer, and the object of the action was the enforcement of a lien upon the land for the remaining unpaid purchase money, the defendant asserting a claim to the land derived from a sale by the sheriff under an execution against the debtor. Upon these facts His Honor declined to disturb the former proceeding, and refused the defendant's motion. From this ruling he appeals.

1. The rendition of the judgment upon the verdict is not the subject-matter of the complaint, so much as the preceding order requiring the trial to proceed, and denying the application for the postponement. The control and regulation of judicial proceedings which involve no substantial right must rest largely in the breast of the presiding judge, and, in the ordering or deferring a trial, according to his estimate of the merits of the particular case. Certainly when the discretion has not been grossly abused to the manifest wrong and oppression of a litigant party, if in any case, its exercise will not be revised by this court. At the present term we have refused to entertain an appeal from the refusal

of the judge to compel a trial and an order of continuance, although there had been great remissness on the part of the appellee; and the refusal to continue and an order for the trial, the correlative proposition, if the point now presented, and it is not before us in the appeal, must be disposed of in a similar manner.

2. The judgment, though the consequence of the trial enforced upon the defendant, was not "taken against him through his mistake, inadvertence, surprise or excusable neglect," for he was represented by counsel, and his case presented to the jury.

The application does not fall within the provisions of the statute. *Boyden* v. *Williams,* 80 N. C., 95.

3. The error, or wrong, if such there be, and we see no evidence of either, is in the ruling of the court, and not an irregularity subject to correction at a subsequent term. To allow the correction of the erroneous ruling of one judge at a subsequent term presided over by another, would be in effect to confer upon the latter a supervision over the decisions of the former, a proposition the very statement of which is its own refutation. We have at the present term refused to review the ruling, which the present motion seeks to reverse in another method, in denying the defendant's application for a *certiorari;* for stronger reasons must we affirm the action of the judge in his refusal to set aside the judgment. We refer to the following cases: *Badger* v. *Daniel,* 82 N. C., 468; *State* v. *Vann,* 84 N. C., 722; *Spaugh* v. *Boner,* 85 N. C., 208; Tourgee Code, § 299, and notes.

No error.                              Affirmed.