## STATE v. SOLOMON K. KHOURY.

(Filed 28 October, 1908).

**1. Defenses—Pleas Withdrawn—Discretion—Appeal and Error.**

When the defendant in a criminal action has entered the plea of "not guilty," and subsequently desires to withdraw it and .enter the plea of "insanity," and no ground was laid by affidavit or otherwise to show that defendant was insane at the time the plea was entered or at the time of trial, it is within the sound discretion of the trial Judge to refuse the withdrawal of the plea, and his action is not reviewable on appeal.

**2. Same—Witnesses.**

It is competent for the trial Judge, in determining whether he will allow a plea of "not guilty," formerly entered, to be withdrawn and the plea of "insanity" entered in its stead, to permit witnesses, who had seen defendant and had an opportunity to form an opinion as to his mental condition, to express their opinion thereon.

**3. Instructions—Charge in Writing—Supplementing, etc.—Charge Orally.**

While the trial Judge, when duly requested, must put his entire charge in writing, he may orally state the contentions of the parties or supplement slight omissions, and his doing so is not reversible error.

ACTION heard before *Peebles, J.,* and a jury, August Special Term, 1908, of CUMBERLAND.

At the March Term, 1908, of the Superior Court of Cumberland County, a Bill of Indictment, charging defendant with burglary in the second degree, was found by the grand jury. At said term, defendant, through his counsel, came into Court and entered his plea of "not guilty." At the same term, the brother of defendant filed an affidavit upon which he based a motion for a continuance of the case on account of the absence of certain witnesses named, by whom he expected to show that defendant is of unsound mind, and has been so for one or two years. The motion was continued.

At May Term, 1908, Judge Long presiding, defendant, through his counsel, tendered a plea of insanity at that time;

and at the time of the alleged commission of the offence.
He also moved to strike out the plea of not guilty entered at
the last term, stating that he did not intend to enter such
plea, and did not recollect having done so. The motion was
continued. At the August Special Term, 1908, the motions
were renewed, and counsel also moved to amend the record by
striking out the plea of "not guilty." Motion refused. The
defendant excepted. Defendant was put upon his trial upon
his plea of not guilty. Verdict of guilty. Defendant moved
in arrest of judgment upon the ground that he was then in-
sane. Motion overruled. Defendant excepts. Judgment
and appeal.

*Assistant Attorney-General Hayden Clement* for the State.
*V. C. Bullard* and *Q. K. Nimocks* for defendant.

CONNOR, J., After stating the case: The first assignment
of error is directed to his Honor's refusal to permit defendant
to withdraw his plea of "not guilty," or to amend the record
by striking out said plea and submitting an issue directed to
the question of his insanity at the time of the trial. His
Honor refused this motion and, upon the trial, heard evi-
dence in regard to defendant's insanity, both at the time of
the trial and the time the alleged crime was committed. No
ground was laid by way of affidavit or otherwise at the time
the case was heard by Judge Peebles, to show that defendant
was insane at the time the plea was entered, March Term,
1908, or at the time of the trial. It was in the sound discre-
tion of the Judge to refuse to strike out the plea of "not
guilty," entered at March Term. We see no ground upon
which his Honor's action, in that respect, can be disturbed.
Whether, at the time defendant was put upon his trial, the
Court should have suspended proceedings and empaneled
a jury to ascertain whether he was then insane, is a matter
resting in the sound discretion of the Court. In *Haywood's*

*case,* 94 N. C. 847, the Court, upon suggestion of counsel, submitted an issue directed to the defendant's present insanity. This Court ordered a new trial upon entirely different grounds. While, as suggested by *Smith, C. J.,* it would have been more fitting that the suggestion of present insanity be first tried, he said that to try the question together with the issue of traverse was not error in law which would vitiate the verdict. In *Vann's case,* 84 N. C., 722, the question of insanity, supported by affidavits, was made after conviction and upon motion for judgment. The Court directed a jury to be empaneled to try the question. This course was approved by the Court. "Although, if there be a doubt as to the prisoner's insanity at the time of his arraignment, he is not to be put upon trial until the preliminary question is tried by a jury, the question of the existence of such a doubt seems to be exclusively for the determination of the Court; and counsel for the defendant can neither waive an inquiry as to the question of defendant's sanity, nor compel the Court to enter upon such an inquiry when no ground for doubting it appears. . . . And the question whether an inquiry is called for by the circumstances of the case, is for the determination of the Court, who may also direct the manner in which such inquiry shall be conducted. Error will not lie to review the proceedings upon such an inquiry, whether the allegation of insanity be made before or after the conviction of the prisoner." Buswell on Insanity, sec. 461. In many States statutes have been enacted providing procedure in such cases. In this case his Honor stated, that if an affidavit was filed that defendant had become insane since the time the crime was alleged to have been committed, he would not allow the plea to be put in. Counsel said they could not file such affidavit. The Court thereupon proceeded with the trial, stating that evidence on the question of insanity, either at the time of the alleged commission of the crime or at the time of the trial, could be introduced. We can see

no error in this course. It cannot be permitted that, with a defendant at the bar of the Court when his manner, appearance, etc., may be seen by the Judge, the trial may, upon the mere suggestion of counsel, unsupported by affidavit or otherwise, be stopped until a jury be empannelled to try the "suggestions."

The Court permitted witnesses, who had seen defendant and had more or less opportunity to form an opinion as to his mental condition, to express such opinion. This is in accordance with repeated rulings of this Court and may now be regarded as settled law. The value of the opinion is dependent upon the opportunity of the witness to form it. *Clary v. Clary,* 24 N. C. 78; *State v. Bowman,* 78 N. C. 509.

Defendant made a number of requests for special instructions upon the question of insanity, burden of proof, etc. We have examined his Honor's charge and find that, so far as defendant was entitled, they were given. We do not find any error in the instructions given. His Honor was requested to put his charge in writing, which he did. The case on appeal states: "Aside from the written charge, he paused several times and commented on or explained certain features of the written charge, to which defendant excepts. After he had read his charge he stated, orally, the contention of the parties, and gave oral instructions as to the law bearing on certain features of the contentions of the parties, to which defendant excepts." It is not suggested that any instructions given orally were erroneous or prejudicial to defendant. We do not think defendant entitled to a new trial because of the action of the Judge in this respect. While it is true, as held in *Jenkins v. R. R.,* 110 N. C., 438, the Judge must put his entire charge in writing, when so requested, it is not reversible error to state the contentions of the parties orally or to supplement, as did his Honor in this case, slight omissions. At least in the absence of any suggestion of error or prejudice, a new trial will not be ordered. We have examined the entire

record and find no error.  For the reasons given in regard to the suggestion of insanity before the trial, his Honor could not arrest the judgment upon a mere suggestion of insanity after trial.  There is

No error.