IN THE MATTER OF THE WILL OF MARGARET STRADER KNIGHT, DECEASED.

(Filed 2 July, 1959.)

**1. Appeal and Error § 38—**

The failure to bring forward an assignment of error in the brief effects an abandonment of the assignment and the exceptions upon which it is based. Rules of Practice of the Supreme Court, No. 28.

**2. Evidence § 26:    Wills § 23b—**

The judgment in a lunacy proceeding is itself the best evidence of its contents, and testimony of a witness in regard thereto is properly excluded in a caveat proceeding predicated upon mental incapacity of the testatrix.

**3. Wills § 23b—**

Evidence of mental incapacity within a reasonable time before and after the execution of the writing offered for probate is competent upon the issue of the mental capacity of testator.

**4. Insane Person § 3:    Evidence § 4:    Wills § 23b—**

An adjudication of mental incompetency raises no presumption of mental incapacity anti-dating the adjudication but is competent as evidence upon the question provided such adjudication is rendered within reasonable proximity in time to the date in question, and whether it is within a reasonable time is a question addressed to the sound discretion of the trial court, to be determined upon the facts and circumstances of each particular case.

**5. Same—**

　　Testatrix was adjudged mentally incompetent to handle her affairs some eleven months after the date the writing propounded was executed. It appeared that at the time of the adjudication testatrix was aged and infirmed and that she died the day after the adjudication. *Held:* Under the circumstances, the exclusion of the judgment in the lunacy proceeding would not be prejudicial error, since whether the judgment was rendered within reasonable proximity in time to the date in question is a matter addressed to the sound discretion of the trial court.

**6. Wills § 23a—**

　　While the probate of a will in common form is incompetent in evidence in a caveat proceeding, even for the purpose of corroborating propounder's witnesses, caveators waived their objection to its admission when they failed to object to testimony of a witness for propounder in reading the entire record of the probate proceeding and in cross-examining the witness in regard thereto.

**7. Appeal and Error § 41—**

　　An objection to the admission of evidence is waived when the same evidence or evidence of the same import is thereafter admitted without objection.

**8. Same—**

　　The exclusion of testimony cannot be held prejudicial when the record fails to disclose what the witness would have answered if permitted to testify.

**9. Wills § 23b—**

　　The admission of evidence of a deed of trust executed by testatrix less than two years prior to the execution of the writing propounded is competent on the issue of mental capacity.

**10. Appeal and Error § 42—**

　　An exception to the charge will not be sustained when it is free of prejudicial error when read contextually.

**11. Appeal and Error § 24—**

　　Where the court gives correct instructions on all material aspects of the case, the failure to request amplification or additional instructions waives exceptions to the charge in regard thereto.

APPEAL by caveators from *Crissman, J.,* October 1958 Civil Term of ROCKINGHAM.

Margaret Strader Knight died 30 May, 1958. Her husband predeceased her. Her five sons and five daughters survived her. She left an attested writing, dated 26 June, 1957, purporting to be her last will and testament, in which she devised and bequeathed her entire estate to one of her sons, Thomas A. Knight. This paper writing was, on 25 June, 1958, admitted to probate in common form as the last

will and testament of Margaret Strader Knight by the clerk of the Superior Court of Rockingham County. In due time a caveat was filed by eight of the children of testatrix, to wit: O. W. Knight, Hazel K. Johnson, D. F. Knight, Catherine K. Cobb, Juanita K. Pearman, John M. Knight, Dorothy K. Rakestraw and Miriam K. Simpson. The caveat alleged that the paper writing was not the last will and testament of Margaret Strader Knight for that her signature thereto was obtained through undue influence and duress of Thomas A. Knight, and for that she did not have sufficient mental capacity to execute a valid will and testament.

This cause came on for trial and evidence was offered by the propounder and caveators. Appropriate issues were submitted to and answered by the jury. The verdict of the jury was in favor of the validity of the will. Accordingly, the court entered judgment declaring the paper writing to be the last will and testament of Margaret Strader Knight and admitting the same to probate in solemn form.

From said judgment caveators appealed and assigned error.

*Brown, Scurry, McMichael & Griffin for Caveators, appellants.*
*J. C. Johnson, Jr. and Bethea & Robinson for Propounder, appellee.*

Moore, J. In the record on this appeal caveators make eleven assignments of error based on eighteen exceptions. However, they did not bring forward in their brief the fourth assignment of error. Therefore this assignment and the exceptions upon which it is based are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562; *Darroch v. Johnson* and *Colville v. Johnson,* 250 N.C. 307, 311, 108 S.E. 2d 589.

The first assignment of error is based on the exclusion of certain evidence which caveators sought to elicit on cross-examination from the clerk of the Superior Court of Rockingham County. Counsel for caveators propounded the following question:

"I'll ask you, Mr. Clerk, if you didn't declare Mrs. Margaret Strader Knight incompetent?"

Counsel for propounder objected to the question and the court required the jury to retire. In the absence of the jury, it was revealed that there had been a proceeding before the clerk to have the testatrix declared incompetent, that a hearing was had therein before the clerk and a jury on the day before the testatrix died, that she was declared incompetent by the verdict of the jury, and that pursuant to the verdict the clerk signed a judgment declaring her incompetent.

The court ruled the question incompetent but stated that the judgment might be identified for later introduction. Caveators were not offering evidence at this stage of the trial. Counsel for caveators insisted that the question was proper and the witness should be permitted to answer it in the presence of the jury. The court ruled: "You can't ask him anything that is going to reflect that, judgment." For the purposes of the record the following questions were propounded to the witness and answered by him in the absence of the jury:

"Q. Answer that question.

"A. I signed the judgment after the jury brought in the verdict that she was mentally incompetent.

"Q. Was there a jury trial to decide her competency on May 29, 1958? .

"A. There was a jury trial. I don't remember the exact date because I don't have the papers before me.

"Q. What was the result of that jury trial as to her competency?

"A. The jury declared her incompetent from want of understanding, to manage her own affairs.

"Q. Did you in accordance with the jury's verdict sign a judgment to that effect?

"A. I did."

Objections to these questions and answers were sustained.

The rulings of the court must be sustained under the "Best Evidence Rule." The judgment in the proceeding before the clerk was in writing and a matter of record. The judgment itself was the best evidence of what it contained. It was improper to have the clerk declare the effect thereof. It is not in the record on appeal and was not offered in evidence. It may well be that it contained matter considered by caveators to be harmful to their cause. In any event, the caveators had an opportunity to identify and offer it but failed to do so. "A writing is the best evidence of its own contents." North Carolina Evidence — Stansbury, sec. 190, p. 411.

If the judgment in the proceeding had been properly identified and offered, it is our opinion that its exclusion by the court would not have been prejudicial error under the circumstances in this case. It is true that this Court has held that "where the issue is the mental capacity of the testator at the time of making the will, evidence of incapacity within a reasonable time before and after is relevant and admissible." *In re Will of Stocks*, 175 N.C. 224, 226, 95 S.E. 360. And this Court has declared that adjudications of insanity are competent in evidence in civil cases. *S. v. Duncan*, 244 N.C. 374, 379, 93 S.E. 2d 421. But an adjudication of mental incompetency raises no pre-

sumption of mental incapacity antedating the adjudication. At most it is merely evidence to be considered by the jury on the issue of mental incapacity and it must not be unreasonably remote in time. Anno: 68 A.L.R. 1310, 1314. "As a general rule, mere proof of the existence of a condition or state of facts at a given time does not raise a presumption that the same condition or state of facts existed on a former occasion." 2 N. C. Index — Strong, Evidence, sec. 4, p. 248; *Sloan v. Light Co.*, 248 N.C. 125, 132, 102 S.E. 2d 822; *Smith v. Oil Corporation*, 239 N. C. 360, 366, 79 S. E. 2d 880; *Childress v. Nordman*, 238 N.C. 708, 712, 78 S.E. 2d 757.

Ordinarily a judgment declaring mental incompetency, rendered eleven months subsequent to the execution of the instrument in question, is relevant and competent. But the question as to whether or not such adjudication was made within a reasonable time depends on the circumstances of the case and is within the sound discretion of the court. *In re Washington's Estate*, 46 S.E. 2d 287, 289 (S.C. 1948); *Ailes v. Ailes*, 11 N.E. 2d 73, 74 (Ind. 1937). In the case at bar, it appears from the record as a whole that the testatrix was 83 years of age at the time of her death, that during the last two years of her life she had been hospitalized a number of times, that she had suffered a broken hip about a year before her death and had been treated for pneumonia and other ailments. She was judicially declared mentally incompetent only when she was *in extremis*. She died the day following the adjudication. Had the judgment been offered in evidence, its admission would not have constituted error, and its exclusion, if error, would not have been prejudicial error under the circumstances.

The second assignment of error relates to the admission in evidence, over the objection of caveators, of the record of the probate in common form of the purported will of Margaret Strader Knight. The record of the probate of a will in common form is incompetent evidence in a caveat proceeding even for the purpose of corroborating propounder's witnesses. *In re Will of Etheridge*, 231 N.C. 502, 504, 57 S.E. 2d 768. However, this Court has held that where the caveators attach to their pleadings a copy of such probate and incorporate it by reference, they cannot be heard to object to its admission in evidence. *In re Will of Crawford*, 246 N.C. 322, 324, 98 S.E. 2d 29. However, in the instant case the probate was not attached to or incorporated in caveators' pleadings, and the ruling in the *Crawford* case does not apply here.

However, the clerk of Superior Court, while testifying for propounder, read to the jury the entire record of the probate in common

form of the purported will of Margaret Strader Knight. Caveators interposed no objection and proceeded to cross-examine the clerk in detail concerning the probate. They thereby waived their right to object to the admission of the probate proceedings. An objection is waived when the same evidence or evidence of the same import is admitted without objection. *Tucker v. Moorefield*, 250 N.C. 340, 344, 108 S.E. 2d 637; *Price v. Gray*, 246 N.C. 162, 165, 97 S.E. 2d 844; *Everett v. Sanderson*, 238, N.C. 564, 567, 78 S.E. 2d 408.

The third and sixth assignments of error are based on exceptions taken by caveators to the rulings of the trial judge in sustaining objections to certain questions propounded to witnesses by counsel for caveators. The record does not disclose what the witnesses would have testified had they been permitted to answer. Therefore, there is no basis for consideration of these exceptions and no prejudicial error has been shown. *Board of Education v. Mann, ante,* 493; *Highway Commission v. Privett,* 246 N.C. 501, 505 99 S.E. 2d 61.

The fifth assignment of error relates to the admission in evidence, over the objection of caveators, of a deed of trust executed by the testatrix on 1 October, 1955. This evidence, tending to show a business transaction of testatrix relative to her property, was competent on the issue of mental capacity. Anno: 82 A.L.R. 973; 68 C. J., Wills, sec. 72, p. 465.

The seventh, eighth, ninth and eleventh assignments of error are based on exceptions to the charge. When read contextually the charge is free of prejudicial error. The court gave the jury full instructions with respect to the principles of law applicable to the issues and evidence and properly placed the burden of proof. Equal stress was given to the evidence and contentions of the parties. Caveators had opportunity to request amplification or additional instructions if deemed advisable. Failure to make the request waived the right to object. *In re Will of Crawford, supra,* at page 325.

The tenth assignment of error is based on exception to the signing of the judgment. It is a formal exception and because of our decision herein requires no discussion.

In the trial of this cause we find

No Error.