MRS. RACHEL EVANS v. QUEEN CITY COACH COMPANY
AND S. J. LITTLE.

(Filed 25 November, 1959.)

**1. Trial § 49½—**

A motion to set aside a verdict on the ground that the award of damages is excessive or inadequate is addressed to the sound discretion of the trial judge and his decision upon the motion will not be disturbed in the absence of manifest abuse.

**2. Appeal and Error § 38—**

Assignments of error not discussed in the brief are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

APPEAL by defendants from *Sharp, S. J.,* 24 August 1959 Regular Civil Schedule A Term, of MECKLENBURG.

Civil action to recover damages for alleged personal injuries.

The jury found by its verdict that plaintiff was injured by the negligence of the defendants, as alleged in her complaint, and awarded damages of $5,000.00.

From a judgment entered on the verdict, defendants appeal.

*Warren C. Stack and William E. Graham, Jr., for plaintiff, appellee.*
*John F. Ray and Robinson, Jones & Hewson for defendants, appellants.*

PER CURIAM. Defendants have brought forward and discussed in their brief four assignments of error to the charge of the court. These four assignments of error have been carefully considered by us, and prejudicial error sufficient to warrant a new trial is not shown in any one of them. These assignments of error are overruled.

Defendants' only other assignment of error brought forward and discussed in their brief is the refusal of the trial court to grant their motion to set aside the verdict for the reason that the damages awarded by the jury are excessive and disproportionate to the injuries sustained by plaintiff. The granting or denial of a motion to set aside a verdict and award a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge. *Hinton v. Cline,* 238 N.C. 136, 76 S.E. 2d 162, and the many cases there cited. His decision on the motion will not be disturbed on appeal, unless it is obvious that he abused his discretion. *Hinton v. Cline, supra; Lamm v. Lorbacher,* 235 N.C. 728, 71 S.E. 2d 49; *Francis v. Francis,* 223 N.C. 401, 26 S.E. 2d 907;

*Freeman v. Bell*, 150 N.C. 146, 63 S.E. 682. An abuse of discretion by the trial judge does not appear in this case.

The assignments of error in the record not set out in defendants' brief, and in support of which no reason or argument is stated or authority cited, are taken as abandoned by defendants. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, 563; *In re Will of Knight*, 250 N.C. 634, 109 S.E. 2d 470.

In the trial below, we find

No error.