IN THE MATTER OF THE WILL OF MAMIE E. CAUBLE, DECEASED.

(Filed 2 February, 1968.)

1. Wills § 21—

A nonexpert witness, in a caveat proceeding, may give his opinion in evidence upon the issue of the mental capacity of another person where it is shown that he has observed such other person and has had a reasonable opportunity to form an opinion as to the mental condition of such person.

2. Wills § 22—

A charge instructing the jury to answer the issue of mental capacity in the negative if the caveator has established by the greater weight of the evidence the lack of any one element of mental capacity is held. without error.

APPEAL by Caveators from judgment entered by *Johnston, J.,* May 8, 1967 Civil Session, STANLY Superior Court.

On December 15, 1964, Max A. Cauble presented to the Clerk of the Superior Court for probate a paper writing dated March 21, 1964 purporting to be the last will and testament of Mamie E. Cauble. The writing, attested by three witnesses, was probated in common form and letters testamentary were issued to Max A. Cauble, Executor.

On July 12, 1965, Melvin E. Cauble filed a caveat challenging the validity of the script on two grounds: (a) The execution of the writing by Mamie E. Cauble was obtained by Eugene Cauble and Max A. Cauble ". . . through undue and improper influence and duress upon the said Mamie E. Cauble;" and (b) .. . . (T)he said Mamie E. Cauble, was by reason of her old age, disease and both physical and mental weakness and infirmity not capable of executing a last will and testament. . . ." The Caveator filed the required bond. The Clerk issued the proper citations and notices and ordered the cause transferred to the Superior Court for trial, in term, upon the issue *devisavit vel non.*

The evidence at the trial in the Superior Court disclosed that Mamie E. Cauble died on December 7, 1964 at the age of 78 years. Her heirs at law and next of kin were: Melvin E. Cauble, Eugene Cauble and Max A. Cauble, sons, and Jack Monroe Cauble and Trill Elaine Cauble, minor children of a deceased son, Fred Cauble.

Through their guardian *ad litem* the minors filed answer and joined in the caveat.

By Item II, the Testatrix devised a tract of land containing 54.5 acres to Max A. Cauble. By Item III she devised a tract of land containing 108.2 acres to Eugene Cauble. By Item IV she devised a tract of land containing 6.6 acres to Melvin Cauble. By Item V she gave and devised to Max A. Cauble and Eugene Cauble ". . . all other property of which I may die seized and possessed. . . ."

The evidence disclosed that Mr. Hobart Morton, attorney of Albemarle, drafted the will. When Mr. Morton was told by Max Cauble that his mother wanted him to prepare her will, he went to the home, conferred at length with Mrs. Cauble, and later prepared her will according to her instructions. Mr. Morton, testifying as a witness for the Propounders, was asked this question: "Now, Mr. Morton, from your association with Mamie E. Cauble, did you form or do you now have an opinion satisfactory to yourself as to whether or not at the time she executed the paper writing on March 21, 1964, now offered for probate as her Last Will and Testament, she had sufficient mental capacity to know and understand the nature and extent of her property, to know who were the natural objects of her bounty, and to realize the full force and effect of the disposition of her property by will, do you have such an opinion? He answered "That she did have."

The three witnesses to the will, James V. Lowder, Joe W. Lippard and Lester A. Moose, each testified he saw Mrs. Cauble execute the writing and each witness gave an affirmative answer to a question of the same substance as that answered by Mr. Morton and above quoted. A number of close neighbors testified as witnesses, reciting their opportunities to observe and converse with Mrs. Cauble, likewise gave affirmative answers to a similar question.

Martha Roland, who lived next door, testified that she saw the Testatrix every day and that she did her own work. "(S)he was interested in current events and in the war, things like that. . . . She read the daily paper; she read magazines. . . . (W)e took the Greensboro, . . . and I delivered all mine to her. . . . Yes, sir, she could read them papers more competent than a young person." The foregoing was challenged by Exception No. 4.

Grover Teeter, a Notary Public, was called as a witness for the Propounder. He "notarized the will" at the time of its execution and testified he was in the presence of the Testatrix for 45 minutes and heard the discussion about the will. He had not known her before. He gave an affirmative answer to the same question submitted to and answered by Mr. Morton with respect to the mental capacity of

Mrs. Cauble. The evidence of Mr. Teeter was challenged by Exceptions No. 7 and 8.

The Caveator, Melvin Cauble, testified: "Based upon my observation and knowledge of my mother, I have an opinion satisfactory to myself whether or not she possessed sufficient mental capacity on March 21, 1964 to know what property she had, who her relatives were, what claims they had upon her, and if she had wanted to dispose of her property, to whom she intended to give it. My opinion is that she didn't have." Other witnesses gave similar testimony. One witness testified in his opinion the Cauble farm was worth $60,000.

The Court submitted these issues:

"1. Was the paper writing propounded, dated March 21, 1964, executed by Mamie E. Cauble, according to the formalities of the law required to make a valid last will and testament?
Answer:
2. At the time of signing and executing said paper writing did said Mamie E. Cauble have sufficient mental capacity to make and execute a valid last will and testament?
Answer:
3. Was the execution of the paper writing, propounded in this cause, procured by undue influence, as alleged?
Answer:
4. Is the said paper writing referred to in Issue No. 1, propounded in this cause, and every part thereof, the last will and testament of Mamie E. Cauble, deceased?
Answer:"

By consent, the first issue was answered "Yes". The jury answered the second issue "Yes", the third issue "No" and the fourth issue "Yes". Upon the jury's verdict, the Court entered judgment that the paper writing dated March 21, 1964, and every part thereof, was the last will and testament of Mamie E. Cauble. The suspension order issued by the Clerk upon the filing of the caveat was revoked. The Caveators excepted and appealed.

*Patterson & Doby by Henry C. Doby, Jr., Staton P. Williams for Caveators.*

*Eugene S. Tanner, Jr., Guardian Ad Litem for Jack Monroe Cauble and Trill Elaine Cauble.*

*D. D. Smith for Propounders.*

Higgins, J. The Caveators discuss three questions in their brief as arising on this appeal. First, they assign as error the failure of the Court to sustain their objections to the evidence, especially of

thë witnesses Roland and Teeter, Exceptions No. 4, 7 and 8. Their evidence had bearing on the mental capacity of Mrs. Cauble at the very time she executed the will. The form of the questions asked these and other witnesses, and their answers, have been approved by this Court. *In Re Will of Jones,* 267 N.C. 48, 147 S.E. 2d 607; *In Re Will of Tatum,* 233 N.C. 723, 65 S.E. 2d 351. This Court said, in *In Re Will of Brown,* 203 N.C. 347, at 350:

"Anyone who has observed another, or conversed with him, or had dealings with him, and a reasonable opportunity, based thereon, of forming an opinion, satisfactory to himself, as to the mental condition of such person, is permitted to give his opinion in evidence upon the issue of mental capacity, although the witness be not a psychiatrist or expert in mental disorders. *White v. Hines,* 182 N.C. 275, 109 S.E. 31."

Second, the appellants object to the charge on the ground the Court did not make clear that if, at the time she signed the writing on March 21, 1964, the jury should find that Mrs. Cauble was lacking in any essential requirement of mental capacity, the jury in that event should answer the second issue no. The Court actually charged:

"Now, members of the jury, the court instructs you on this second issue that it is the Propounders contention that you should answer this second issue 'Yes.' It is the Caveators contention that you should answer it 'No.' And the Court instructs you that if the Caveators have satisfied you by the greater weight of the evidence that Mamie E. Cauble on the 21st day of March, 1964, did not have mental capacity to know and comprehend the nature and extent of her property, or did not have mental capacity to know and comprehend the natural objects of her bounty, or did not have mental capacity to know and comprehend and realize the full force and effect of the disposition of her property by will, then it will be your duty to answer the second issue 'No.' Otherwise, it will be your duty to answer the second issue 'Yes.' "

The charge as given was as favorable to the Caveators as the law permitted. The appellants' challenge on the ground stated is not sustained. *In Re Will of Knight,* 250 N.C. 634, 109 S.E. 2d 470; *In Re Will of Crawford,* 246 N.C. 322, 98 S.E. 2d 29; *In Re Will of Efird,* 195 N.C. 76, 141 S.E. 460.

By the third objection, the appellants challenge as error the failure of the Court to set aside the verdict as against the greater weight of the evidence. This objection is formal and is not sustained.

No error.