EVELYN FARMER v.
SIDNEY BRYANT LANDS AND YELLOW CAB COMPANY, INC.

(Filed 10 October 1962.)

**1. Trial § 52—**
    A motion to set aside a verdict for asserted inadequacy or excessiveness of the award is addressed to the sound discretion of the trial court, and the court's determination thereof is not reviewable in the absence of a showing of abuse of discretionary power.

**2. Trial § 50—**
    Where the court refuses to set aside the verdict for asserted misconduct of a juror, such refusal amounts to a finding that movant had failed to show misconduct, and the denial of motion will not be disturbed in the absence of a showing of abuse of discretion.

APPEAL by plaintiff from *Pless, J.,* April 30, 1962 Regular Civil B Term of MECKLENBURG.

Plaintiff was a passenger in a taxicab operated by the individual defendant, owned by corporate defendant. The cab collided with a car ahead which had stopped to make a left turn. Plaintiff brought this action to recover her expenses and compensation for injuries alleged to have resulted from the negligence of defendants.

Defendants denied both the asserted negligence and plaintiff's claim of injuries resulting from the collision.

The jury found defendants negligent and fixed plaintiff's damage at $600. Plaintiff moved to set the verdict aside; the motion was denied; judgment was entered on the verdict; and plaintiff appealed.

*Plumides & Plumides by Warren D. Blair for plaintiff appellant.*

*Helms, Mulliss, McMillan & Johnston by James B. McMillan for defendant appellees.*

PER CURIAM. Plaintiff, in her brief, states four questions for decision: (1) Was there error in the admission and exclusion of evidence? (2) Was there error in the charge resulting from the court's summary of defendants' contentions? (3) Did the court err in refusing to set the verdict aside because inadequate? (4) Did the court err in refusing to set the verdict aside for asserted misconduct of a juror?

Plaintiff devotes her argument to the last two questions. She makes no argument indicating either the first or second questions should receive affirmative answer. An examination of the record discloses they are without merit and require no discussion.

Plaintiff's testimony would suffice to establish damages substantially in excess of the amount awarded. She was treated by several doctors and spent considerable time in hospitals. The crucial question for the jury was: Was this treatment necessary because of injuries resulting from the collision or because of physical conditions existing prior to the collision? Plaintiff is only entitled to compensation for injuries resulting from the collision. She carried the burden of establishing the amount of damages to which she was entitled. She does not contend there was error in the charge as it related to the measure of damages.

Whether the trial judge should set aside a verdict because of an asserted inadequate or excessive verdict must be determined by him in the exercise of his sound discretion. *Dixon v. Young,* 255 N.C. 578, 122 S.E. 2d 202; *Evans v. Coach Co.,* 251 N.C. 324, 111 S.E. 2d 187.

Plaintiff also assigned as a reason for setting the verdict aside asserted misconduct of a juror. Judge Pless heard evidence. He refused to set the verdict aside. This was in effect a finding the movant had failed to show misconduct. In that sense the court's refusal to act is described as discretionary. *Stone v. Baking Co.,* 257 N.C. 103.

Where a trial court acts in the exercise of his sound discretion, his ruling cannot be reversed unless there is an abuse of the discretionary power. There is nothing in this record to indicate that Judge Pless did not act properly.

Affirmed.