STATE OF NORTH CAROLINA v. ELIJAH GRAY WELLS

No. 767SC513

(Filed 15 December 1976)

1. **Criminal Law § 162— permitting child to whisper testimony to court reporter — question not presented on appeal**

In a prosecution for taking indecent liberties with a child, the question of whether the court erred in permitting the child to whisper

a portion of her testimony to the court reporter, who then read it to the jury, was not presented where defendant failed to object to the procedure and failed to object to or move to strike the child's testimony.

**2. Criminal Law § 89— testimony admissible for corroboration**

In a prosecution for taking indecent liberties with a child, testimony by the child's grandmother that the child told her that defendant "had messed with her before" was properly admitted for the purpose of corroborating the child's testimony that she told her grandmother that defendant had molested her on numerous other occasions.

**3. Criminal Law §§ 89, 162— impeachment testimony — conjecture — absence of objection**

The State was entitled to ask a witness for purposes of impeachment whether defendant's witness had made prior statements inconsistent with her trial testimony, and defendant cannot complain on appeal about the witness's testimony as to what defendant's witness had "led her to believe" where defendant did not object to the witness's testimony or move to have it stricken from the record.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 2 March 1976 in Superior Court, EDGECOMBE County. Heard in Court of Appeals 8 November 1976.

This is a criminal action, wherein the defendant, Elijah Gray Wells, was charged in an indictment, proper in form, with "taking indecent liberties" with a child, a felony, in violation of G.S. 14-202.1. Upon the defendant's plea of not guilty the State offered evidence tending to show the following:

The female child in question, who was nine years old, lived with her grandmother in Louisburg, N. C. On 31 October 1975 she went to spend the week end with her mother and stepfather, the defendant, in Rocky Mount, N. C. During the early morning hours of 1 November 1975, while the child was sleeping on a mattress in the living room with her younger sister, the defendant made certain sexual advances by placing his hands on her private parts. No useful purpose will be served by further elaboration on the details of the incident.

Upon returning to Louisburg the child was unusually quiet and nervous, and she became frightened at night. After a week or ten days had elapsed, she told her grandmother about the incident. She also told her grandmother that defendant had molested her on other occasions.

Defendant offered evidence tending to show he did not molest the child.

The jury found the defendant guilty as charged, and from a judgment imposing a prison sentence of five years, defendant appealed.

*Attornel General Edmisten by Associate Attorney Henry H. Burgwyn for the State.*

*Howard A. Knox, Jr., for the defendant appellant.*

HEDRICK, Judge.

[1]    At trial the minor witness, in the presence of the jury, was allowed to whisper a portion of her testimony, which was of a very personal nature, to the court reporter, who in turn read the testimony to the jury. This procedure, which was utilized for the answers to three questions, provides the basis for defendant's first three exceptions. Defendant neither objected to this procedure nor the evidence obtained by it nor moved to strike the child's testimony. Therefore, these exceptions present no question for review, and the assignment of error based thereon is not sustained. *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970), *cert. denied,* 400 U.S. 946, 91 S.Ct. 253, 27 L.Ed. 2d 252 (1970).

[2]    By his second assignment of error defendant contends the court erred in allowing the child's grandmother to testify that the child told her that the defendant "had messed with her before." Prior to the testimony challenged by this exception, the child had testified, without objection, that she told her grandmother the defendant had molested her on numerous other occasions. The trial judge allowed the grandmother's testimony into evidence as corroborative of the child's prior testimony, and in his charge instructed the jury that the challenged evidence should be considered only for the purpose of corroborating the child's testimony at trial, if it did. The challenged testimony was admissible. *Webster v. Trust Co.,* 208 N.C. 759, 182 S.E. 333 (1935) ; *State v. Feimster,* 21 N.C. App. 602, 205 S.E. 2d 602 (1974), *cert. denied,* 285 N.C. 665, 207 S.E. 2d 763 (1974). This assignment of error has no merit.

[3]    On direct examination Hilda Wells, defendant's ex-wife, testified in substance that defendant had never done anything that would indicate a propensity to commit the crime with which he was charged. On rebuttal Maria Cook was asked, over

State v. Wells

defendant's objection, to relate a conversation she had with Hilda Wells. The records reveals the following:

"Q. What did she tell ya'll?

OBJECTION BY MR. KNOX.  OVERRULED.

[A.] She was wondering what she was going to tell her boys. She said, well, she was very upset and I might have asked her a few questions, but she really didn't want to talk about it too much she was really, she was just very upset. She did say, she kept saying, 'Oh, my God, oh my God, I thought he had outgrown that.' When I asked her what she meant by outgrown what—

OBJECTION BY MR. KNOX.  OVERRULED.

A. She said that she had loved Pee Wee for a lot of years, ten or fifteen years and that she had covered for him and protected him because of that problem, but that he had, *she led me to believe* that he had had his hands on other little girls but he had never gone so far as to mess with them internally like he did Jamie.

EXCEPTION NO. 7"  (Emphasis added).

By his fifth assignment of error defendant contends the trial court erred in not striking the answer quoted above because it "was based on conjecture and created an insinuation not based on fact which prejudiced the jury." This assignment of error has no merit. Clearly the State was entitled to ask the witness for purposes of impeachment if Hilda Wells had made prior statements inconsistent with her testimony at trial. *Perkins v. Clarke,* 241 N.C. 24, 84 S.E. 2d 251 (1954). Assuming *arguendo* that by testifying as to what Mrs. Wells had "led her to believe," Mrs. Cook gave an inadmissible interpretation of her conversation with Mrs. Wells, defendant cannot raise the alleged error on appeal because he did not object to the witness's answer or move to have it stricken from the record. *State v. Blackwell, supra.*

We hold that the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.