STATE OF NORTH CAROLINA v. RONALD TURGEON

No. 7912SC588

(Filed 15 January 1980)

**1. Searches and Seizures § 13- defendant's briefcase voluntarily handed over by friend—no search and seizure**

Where defendant entrusted his briefcase to a friend for safekeeping and the friend, upon request of law enforcement officers, delivered the briefcase to them, there was no search and seizure of the briefcase within the contemplation of the Fourth Amendment, and the trial court therefore did not err in denying defendant's motion to suppress the briefcase.

**2. Criminal Law § 43.1; Rape § 10— photographs of defendant in sexual activity—admissibility in rape case**

In a prosecution for first degree rape of a female child under the age of twelve years, defendant being a male person above the age of sixteen years, the trial court did not err in admitting into evidence photographs taken from defendant's briefcase which depicted defendant and a young female person, who was at one time defendant's fiance, engaging in a variety of sexual activities and photographs of the female in a variety of poses while in a state of complete undress, since defendant showed the photographs to the prosecutrix shortly after one instance of sexual abuse on a certain day and immediately prior to another instance on that same day; the showing of the photographs was closely related to and a part of the entire transaction with the prosecutrix which was charged under the indictment for first degree rape; the photographs were probative, competent and substantive evidence of defendant's animus and state of mind at the time the acts charged were committed; and the photographs were admissible to corroborate the testimony of the prosecutrix and her sister.

**3. Criminal Law § 86.5; Rape § 10— photographs of defendant in sexual activity—cross-examination proper**

In a prosecution for rape of a female child under twelve, defendant being a male over sixteen, where the State introduced into evidence photographs of defendant and a young female person engaging in a variety of sexual activities, the trial court did not err in allowing the State to cross-examine defendant with reference to the content of the photographs and defendant's relations with the person depicted therein, since the State could show whether defendant, in showing the pictures to the minor prosecutrix, intended to arouse or gratify sexual desire within the contemplation of G.S. 14-202.1(a)(1); the State could properly impeach defendant by asking questions concerning prior degrading conduct; and, inasmuch as the female in the photographs was young, the information elicited by this line of cross-examination was relevant and probative as to defendant's proclivities towards this type of conduct.

**4. Criminal Law § 34.7; Rape § 10— sexual acts committed on prosecutrix' sister—evidence admissible to show animus**

In a prosecution of defendant who was over sixteen for the rape of a female under 12, the trial court did not err in allowing testimony concerning sexual acts committed by defendant upon the sister of the prosecutrix over a period beginning two years before acts complained of by the prosecutrix and continuing to the general time of the acts for which defendant was being tried, since such testimony was admissible to show the animus and purpose of defendant.

**5. Criminal Law § 86.5— prior degrading acts—cross-examination of defendant proper**

In a prosecution for rape, the trial court did not err in permitting cross-examination of defendant concerning a bag of what appeared to be pubic hair which was seized from defendant's briefcase since defendant could properly be impeached by evidence of prior degrading acts.

6. **Rape § 10— erotic books in defendant's briefcase—admission harmless error**

   Though the trial court in a first degree rape case should have excluded from evidence three erotic books seized from defendant's briefcase, admission of the books was not so prejudicial as to require a new trial.

   Judge HEDRICK concurs in result only.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 7 February 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 November 1979.

Defendant was tried, upon an indictment proper in form, for the first degree rape of a female child under the age of twelve years, he being a male person above the age of sixteen years. The trial court instructed the jury on the first degree rape, assault with intent to commit rape, and taking indecent liberties with children. He was convicted by the jury of assault with intent to commit rape and received a sentence of fifteen years' imprisonment. From judgment imposing sentence he appeals, assigning error.

*Attorney General Edmisten, by Assistant Attorney General R. W. Newsom, III, for the State.*

*Assistant Public Defenders James R. Parish and Rebecca Bosley, for the defendant.*

MARTIN (Robert M.), Judge.

[1] Many of the defendant's exceptions in this matter pertain to the admission, over objection, of evidence which was found inside a briefcase belonging to defendant, which briefcase had been entrusted to a friend of defendant's for safekeeping and was delivered, upon request of law enforcement officers, by that friend to the officers. Our initial concern must therefore be whether the trial court erred in denying defendant's motion to suppress the warrantless seizure of the briefcase, as is contended by defendant.

It was found as fact by the court below, upon competent evidence, that the person who surrendered the briefcase to the police officers did so voluntarily and not in response to any threats or promises made by the officers. A statement was signed by the individual in question to that effect. At the hearing on the

motion to suppress, defendant offered no evidence in contradiction of the State's evidence. We conclude, on the rationale of *State v. Woods*, 286 N.C. 612, 213 S.E. 2d 214 (1975), that no "search" took place and that the briefcase was not "seized" within the contemplation of the Fourth Amendment of the U.S. Constitution. The trial court, therefore, did not commit error when it denied the motion to suppress the briefcase. Defendant's argument on appeal that the individual who surrendered the briefcase was, by reason of threats and coercion from the police officers, an involuntary participant and therefore an arm of the police is simply not supported by the record. This assignment of error is overruled.

The briefcase was opened pursuant to a valid search warrant. It contained a plastic bag containing what appeared to be pubic hair, three paperback books dealing with a specialized erotic subject matter, and a collection of forty-one photographs. The case also contained a Polaroid camera and flash attachment. Defendant moved *in limine* to exclude from evidence the hair, books, and photographs. This motion was denied, and defendant excepted. We find that the trial court properly overruled the motion *in limine* as to all of these items. We further find that the photographs were properly admitted into evidence as part of the State's case in chief. The photographs were of defendant and a female person who was at one time defendant's fiance. The photographs depict the female person in a variety of poses while in a state of complete undress. Several of the photographs depict defendant and the female person engaging in a variety of sexual activities. We are of the opinion that the showing of such sexually explicit photographs to a minor of the age of the prosecutrix in the instant case (ten years old) would arguably constitute an indecent liberty within the purview of N.C. Gen. Stat. § 14-202.1. Had the instant indictment so charged, the content of the photographs would have been competent, relevant, and substantive evidence as to that offense. However, inasmuch as the indictment alleged only facts and circumstances pertinent to first degree rape, and did not separately charge the offense of taking indecent liberties by means of displaying such sexually explicit photographs, we may not consider them in reference to the lesser included offense[1]

---

1. *See State v. Shaw*, 293 N.C. 616, 239 S.E. 2d 439 (1977) (N.C. Gen. Stat. § 14-202.1. Taking indecent liberties with children held to be a lesser included offense of the crime of rape of a virtuous female child under the age of 12 years)

of taking indecent liberties with children except to the extent the elements of the lesser included offense correspond to and are subsumed in the greater offense charged by the indictment. Therefore, the photographs were admissible, if at all, with reference to the facts and transactions which would have constituted the first degree rape or one of the lesser included offenses based on the same facts and transactions.

[2]  The evidence of record adduced by the State shows that defendant's showing of the photographs to the prosecutrix occurred shortly after one instance of sexual abuse on a certain day and immediately prior to another instance on that same day. The logical inference from this evidence is that defendant intended, by use of the photographs, to arouse or gratify sexual desire, an element of the offense of taking indecent liberties with children, and that the showing of the photographs was closely related to and a part of the entire transaction with the prosecutrix which was charged under the indictment for first degree rape. Furthermore, although intent is not an element of first degree rape where the victim is a virtuous female under the age of 12 years and the defendant is a male person above the age of 16 years, it is an element of both assault with intent to commit rape and taking indecent liberties with children, lesser included offenses of the principal offense which were submitted to the jury in this case. The photographs and their content would be probative, competent, and substantive evidence of defendant's animus and state of mind at the time the acts charged were committed. In this context, the probative value of the photographs clearly outweighs any inflammatory effect they conceivably might have had on the jury. We note that, in a case where sordid and vile deeds are alleged and must be proved by the State, any evidence adduced to prove defendant's guilt must necessarily carry some taint of sordidness or vileness with it. That being the state of affairs in the instant case, it would be a circular argument which requires exclusion of the photographs: the defendant has been accused of acts of manifest depravity which shock the conscience, but, evidence which tends to demonstrate that depravity must be excluded because the effect on jurors would be too shocking and inflammatory. We decline to accept that argument.

Additionally, the photographs were specifically identified by the prosecutrix's sister, aged 15, and also identified specifically in

the testimony of the prosecutrix. Arguably, therefore, the photographs would also have been admissible as corroborative of the girls' testimony. The defendant objected generally to the admission of the photographs. Where the offer of evidence is objected to generally and the evidence is admissible for some purposes, if not for others, the trial judge may properly overrule the objection and admit the evidence. *See State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973). Where a limiting instruction would be appropriate, but is not immediately requested, the failure to give such an instruction is not error. *See State v. Sawyer*, 283 N.C. 289, 196 S.E. 2d 250 (1973). Defendant did not request any limiting instruction as to the photographs. He is not, therefore, entitled to relief from the ruling of the trial court.

[3] For the same reasons we find it was proper for the State to cross-examine the defendant in regard to the contents of the photographs. As noted above, intent is an element of the offense of taking indecent liberties, and by demonstrating that defendant was familiar with their contents, the State could show whether defendant, in showing the pictures to the minor prosecutrix, intended to arouse or gratify sexual desire within the contemplation of N.C. Gen. Stat. § 14-202.1(a)(1). Inasmuch as the photographs depicted defendant and a female person engaging in sex acts, it was not improper for the State's attorney to question defendant on cross-examination about his relationship with the female in the photographs. Defendant, in taking the stand, placed his credibility in issue. It is a long-standing rule in this jurisdiction that a defendant may, on cross-examination, be impeached by questions about collateral matters, including prior degrading conduct. *See State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971); *also see State v. Monk*, 286 N.C. 509, 212 S.E. 2d 125 (1975) and *State v. Neal*, 222 N.C. 546, 23 S.E. 2d 911 (1943). Defendant does not contend that the questions were not asked in good faith, and the questions were related to matters peculiarily within the knowledge of defendant, *State v. Williams, supra.* The scope of such cross-examination is ordinarily limited by whatever bounds are established by the trial judge in his sound discretion, *State v. Williams, supra; State v. Neal, supra.* No abuse of discretion has been made to appear. Furthermore, inasmuch as the female person in the photograph is obviously young, the information elicited by this line of cross-examination was relevant and probative as to

defendant's proclivities towards this type of conduct. For the foregoing reasons, we conclude it was not error to admit the photographs into evidence, or to allow the State to cross-examine defendant with reference to their content thereof and his relations with person depicted therein. Defendant's fourth, ninth and tenth assignments of error are overruled.

[4] By his seventh assignment of error, defendant argues that it was improper and prejudicial to allow testimony concerning sexual acts committed by defendant upon the sister of the prosecutrix over a period beginning two years before the acts complained of by the prosecutrix and continuing to the general time of the acts for which defendant was being tried. The evidence was presented by way of testimony of the prosecutrix's sister and by testimony of a social worker who took the statement of the sister. We are of the opinion that the testimony of the sister was admissible to show the animus and purpose of the defendant, under the rationale set forth in *State v. Davis*, 229 N.C. 386, 50 S.E. 2d 37 (1948). (The instant case, we note, does not contain the same factual or statutory situations as were present in the *Davis* case and which were troublesome to Stacy, C.J., who wrote a lengthy dissent concurred in by two other justices.) The testimony of the social worker was likewise admissible as corroborative of the sister's testimony. *See State v. Sawyer*, 283 N.C. 289, 196 S.E. 2d 250 (1973); *State v. Hooks*, 228 N.C. 689, 47 S.E. 2d 234 (1948). *See also State v. Wells*, 31 N.C. App. 736, 230 S.E. 2d 437 (1976). These assignments of error are overruled.

[5] In his second and third assignments of error, defendant argues that the admission into evidence of the plastic bag of pubic hair and three erotic books found in his briefcase was prejudicial. As to the bag of hair, we note that the record does not show that it ever was admitted into evidence. Cross-examination concerning it, however, was proper as impeachment of defendant's credibility by evidence of prior degrading (although collateral) acts. *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971). This assignment of error is overruled.

[6] The three books (entitled *Angela's Naughty Secret, Going Down on Daddy*, and *Love for Little Girls*) present a different question, however. At the time the books were offered into evidence and their titles were read to the jury, neither the pros-

ecutrix nor her sister had identified them or given any testimony whatsoever concerning them. Defendant's character and credibility were not in issue when the books were offered as part of the State's case in chief. As the books were not competent for any corroborative or substantive purposes, they should have been excluded. We note, however, that only the titles of the books were read to the jury; the contents were not read or discussed. We conclude on this basis that their admission, while erroneous, was not so prejudicial as to require a new trial, particularly in view of the almost overwhelming evidence tending to demonstrate defendant's guilt. This assignment of error is overruled.

Defendant has abandoned his fifth, eighth and eleventh assignments of error. We have carefully examined his sixth assignment of error and find it to be without merit. We conclude that defendant had a fair trial free from prejudicial error. For the foregoing reasons the judgment of conviction is affirmed.

Affirmed.

Judge WELLS concurs.

Judge HEDRICK concurs in the result only.