STATE OF NORTH CAROLINA v. CHARLES PATTERSON, JR.

No. 8326SC557

(Filed 21 February 1984)

1. **Criminal Law § 34.7— second degree sexual offense—evidence of prior offenses —properly admitted to show intent or motive**

     In a prosecution for a second degree sexual offense, the trial court did not err in allowing evidence of at least 50 other occasions of similar sexual activity which defendant had conducted with his stepson since the evidence was limited to the purpose of determining defendant's intent or motive at the time he was alleged to have committed the act for which he was being tried.

2. **Criminal Law § 96— improper evidence stricken and jury instructed not to consider it—no prejudicial error**

     Where, during the course of direct examination, an officer gave an unresponsive answer and stated defendant refused to sign a "waiver of rights," the trial court's immediate allowance of defendant's motion to strike the answer and immediate instruction to the jury to disregard the officer's statement sufficed to remove any possible prejudice to the defendant.

3. **Rape and Allied Offenses § 6.1— second degree rape—failure to instruct on lesser degrees of crime proper**

     In a prosecution for second degree sexual offense, the trial court properly failed to instruct on lesser included offenses since the defendant denied his conduct, and there was no evidence raised which even supported an inference that the sexual assault was consensual.

APPEAL by defendant from *Howell, Judge.* Judgment entered 26 May 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 January 1984.

*Attorney General Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Gene H. Kendall, for defendant appellant.*

BECTON, Judge.

On 26 May 1982, a Mecklenburg County jury found defendant, Charles Patterson, Jr., guilty of committing a second degree sexual offense by manually manipulating and orally stimulating the penis of his fifteen-year-old stepson. From a judgment imposing the maximum prison term allowed by law for this offense, forty years, defendant appeals.

I

Defendant brings forward three arguments on appeal. He contends the trial court erred (1) by allowing the State to introduce the stepson's testimony concerning as many as fifty prior similar offenses; (2) in denying his motion for mistrial; and (3) in refusing to instruct the jury on lesser included offenses. For the reasons that follow, we find no error.

II

[1]  The sexual activity involved in this case took place on the night of 12 October 1981 or in the early morning hours of 13 October 1981. Defendant's stepson, after describing how defendant rubbed his penis and then committed fellatio for more than two hours on the night in question, was asked by the district attorney if his stepfather had ever done anything like this to him before. The stepson answered, "Yes, sir. Occasionally." Defendant's counsel objected. A *voir dire* was then conducted, and the stepson testified how, on at least fifty occasions beginning when the stepson was 10 or 11, defendant had subjected him to similar sexual activity. The stepson also testified about defendant's several unsuccessful attempts to engage in anal intercourse with him.

The trial court admitted substantially all of the evidence which had been received during the *voir dire* hearing, except the evidence indicating an attempt at anal intercourse. The trial court instructed the jury that they were to consider the evidence only for the purpose of determining the defendant's intent or motive at the time he was alleged to have committed the act for which he was being tried.

Contending that his motive and intent—personal sexual gratification—were not at issue, the defendant argues that the trial court erred in admitting the objected to testimony. We disagree. Generally, evidence that the accused committed other crimes, though they be of the same nature as the one charged, is inadmissible. 1 H. Brandis, *North Carolina Evidence* § 91 (2d rev. ed. 1982). So many exceptions to the general rule have been recognized, however, that it is difficult to determine which is more extensive, the doctrine of exclusion or its acknowledged exceptions. *Id.; State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954); *see also* Annot., 88 A.L.R. 3d 8 (1978). One of the exceptions relates to

"motive and intent." This exception has long withstood challenge, and it is familiar: Evidence of other crimes is "competent to show the *quo animo*, intent, design, guilty knowledge or *scienter*, or to make out the *res gestae*, or to exhibit a chain of circumstances in respect of the matter on trial . . . ." *State v. Christopher*, 258 N.C. 249, 253, 128 S.E. 2d 667, 670 (1962); *see* 1 H. Brandis, *supra* p. 2, § 92.

Based on *McClain, Christopher*, and a wealth of comparable authorities, we hold that the trial court properly allowed the State to offer evidence of as many as fifty (50) prior offenses. Even if, as defendant argues, intent and motive were clear, we perceive no prejudicial error. First, if intent and motive were that clear, then the objected to testimony did not unduly influence the jury. Second, the State is not prohibited from putting on more evidence than is minimally required to meet its burden of proof.

III

[2] Defendant next argues that the trial court erred in denying his motion for a mistrial since the jury found out that defendant refused to sign a "waiver of rights." We do not agree.

Officer John McAuley, called by the State to corroborate the stepson, testified that the stepson had made prior consistent statements. During the course of the direct examination, McAuley gave an unresponsive answer concerning the defendant's refusal to sign a "waiver of rights."[1] The trial court immediately allowed defendant's motion to strike the answer and instructed the jury to disregard the officer's statement. No motion for mistrial was made at this time; rather, the motion for mistrial was not made until the next day.

Defendant acknowledges that the trial court's curative instruction was "accurate and fair," but, nevertheless, contends

---

1. DISTRICT ATTORNEY CALVIN MURPHY: At any time after you picked him up at Belmont did you undertake to talk with him at all about the events of October 13?

OFFICER JOHN F. MCAULEY: I did, I brought him back to Mecklenburg County and advised him of his rights, a waiver of rights, and he refused to sign a waiver of rights.

DEFENSE ATTORNEY GENE H. KENDALL: Objection. Move to strike.

JUDGE RONALD HOWELL: Motion allowed. The jury will not consider the last statement of the witness.

"that this instruction was not sufficient, nor would any instruction have been sufficient to remove the overwhelming prejudice deliberately created by the State in the introduction of this testimony." We disagree. There is no suggestion that the district attorney acted in bad faith since, as noted above, McAuley's answer was not responsive to the question posed. Further, the statement, itself, was not so inherently prejudicial, especially since the word "confession" was never mentioned, that it could not be cured by prompt and proper curative instructions. The trial court's instructions to the jury suffice to remove any possible prejudice to the defendant. *See State v. Smith*, 301 N.C. 695, 272 S.E. 2d 852 (1981).

It must be remembered that a denial of a motion for mistrial is equivalent to a finding by the trial court that prejudicial conduct has not been shown. *Farmer v. Lands*, 257 N.C. 768, 127 S.E. 2d 553 (1962). Further, a motion for mistrial is addressed to the discretion of the trial judge. *See State v. Williams*, 7 N.C. App. 51, 171 S.E. 2d 39 (1969). Considering the fact that defendant's guilt was shown by competent evidence, that defendant has failed to establish an abuse of discretion by the trial court or any error prejudicial to his case, this assignment of error is overruled.

## IV

[3] In his final assignment of error, defendant contends that although he did not engage in any of the alleged sexual activities, he was, nevertheless, entitled to "instructions permitting the jury to convict [him] of lesser included offenses in view of the reasonable inferences raised by the State's evidence" that the sexual assault was consensual. We do not agree with defendant that the "record creates serious and real doubt [concerning] consent [or] whether or not force sufficient to meet the requirements of the statute was in fact used." The fact that the stepson accepted money from the defendant on some of the prior fifty or more occasions of similar sexual contact, or that he refused the defendant's several attempts at anal intercourse, does not require an instruction on lesser included offenses. On the night of 12 October or early morning of 13 October, the stepson told defendant on more than one occasion to "quit." Defendant's responses were: "Just shut up and lie still," and "I told you once, you better lie still." Moreover, at one point defendant slapped his stepson's leg.

There was no conflict in the evidence about what happened on the night in question. "In the absence of a conflict in the evidence, the contention that the jury might accept the evidence in part and reject it in part is not sufficient to require an instruction on a lesser included offense." *State v. Coats*, 46 N.C. App. 615, 617, 265 S.E. 2d 486, 487, *aff'd* 301 N.C. 216, 270 S.E. 2d 422 (1980). In this case we find no evidence to raise even an inference that the sexual assault was consensual. Therefore, the trial court "is not obligated to give such [a requested] instruction if the record is devoid of evidence which might convince a rational trier of fact that defendant was at most guilty of the less grievous offense." *State v. Oxendine*, 305 N.C. 126, 131, 286 S.E. 2d 546, 549 (1982).

We hold that the following statement made by the trial court was correct:

Let the record show that pursuant to Rules 11 and 12 the court stated at the precharge conference yesterday it would state in the morning on what if any lesser included offense would be submitted. The court has determined that since the defendant has denied his conduct, the child having testified that he was in fear, that a lesser included offense is not appropriate; that the issues will be was the defendant guilty of the second-degree sexual offense or is the defendant not guilty?

For the foregoing reasons, we find

No error.

Chief Judge VAUGHN and Judge HILL concur.