STATE OF NORTH CAROLINA v. RICKY WAYNE CRAVEN

No. 123A84

(Filed 8 January 1985)

**1. Criminal Law § 34.7— indecent liberties with a child—other offenses—admissible**

    In a prosecution for first-degree sexual offense and for taking indecent liberties with a child, there was no error in permitting the victim's brother and another child to testify about incidents with defendant other than those

for which defendant was charged because such evidence was admissible to show mens rea and specific intent.

**2. Criminal Law § 89— exclusion of evidence impeaching witnesses—other impeaching evidence introduced—no prejudice**

In a prosecution for first-degree sexual offense and taking indecent liberties with a child, there was no prejudice in the exclusion of testimony with which defendant hoped to show that the children testifying against him had fantasized the events in question, or in sustaining objections to questions defendant wished to ask one of the children on cross-examination, where defendant introduced ample evidence to impeach the credibility of the children and did not preserve for the record the answer the child would have given on cross-examination.

**3. Criminal Law § 169.7— exclusion of testimony about whether neighbors and teachers questioned about children's truthfulness—neighbors and teachers not questioned—no prejudice**

In a prosecution for first-degree sexual offense and taking indecent liberties with a child, there was no prejudicial error in the exclusion of testimony that a detective had not talked with teachers or neighbors about the reputation for truthfulness of children testifying against defendant because the detective stated that she had never talked with teachers or neighbors about the children, and thus answered defendant's question.

**4. Constitutional Law § 70— right to confrontation waived by failure to assert**

In a prosecution for first-degree sexual offense and taking indecent liberties with a child, the trial court did not err by allowing into evidence a written statement prepared by the victim's sister, even though the sister had testified and left the courtroom. Defendant waived his right to confront the sister about the statement by failing to request that she be recalled.

**5. Criminal Law § 73.2— statements not within hearsay rule—written note admitted to explain subsequent action—testimony admitted as corroboration**

In a prosecution for first-degree sexual offense and taking indecent liberties with a child, there was no error in the admission of a note from the classmate of the victim's sister because the note was admitted for the limited purpose of showing why and when the victim's stepmother confronted his sister. The victim's stepmother was properly allowed to testify about what the sister said she had seen defendant do because the testimony corroborated testimony already given by the sister.

**6. Rape and Allied Offenses § 19— indecent liberties with a child—uncorroborated evidence from victim—motion to dismiss denied**

The uncorroborated testimony of the victim was sufficient to survive defendant's motion to dismiss. G.S. 14-202.1.

**7. Criminal Law § 114.2— characterization of defendant's action in recapitulation —no expression of opinion**

There was no error in the court's statement during its recapitulation of the evidence that defendant "put his hand between the legs of Peter Brim

and tried to feel between his legs" when Peter Brim had only testified that defendant "played between my legs." Peter Brim had also testified in detail about the sexual acts of defendant with him, and the judge instructed the jury that it was to determine the true facts.

**8. Criminal Law § 99.9— judge's question to a witness—clarification of testimony —no error**

Where the victim's sister testified that she "saw Peter and Ricky" and the court asked "saw—you mean you saw Ricky's mouth on his penis" the court's question in context was clearly an attempt to clarify the witness's testimony and did not rise to the level of an opinion.

**9. Constitutional Law § 30— motion for appropriate relief—evidence not disclosed by State**

Where the trial court denied defendant's motion for appropriate relief on the grounds that defendant had failed to request written statements from the victim's stepmother, the case was remanded for a hearing de novo to determine whether the undisclosed evidence would have created a reasonable doubt in the jury's mind which did not otherwise exist in light of all other evidence the jury heard.

Justice VAUGHN did not participate in the consideration or decision of this case.

APPEAL by defendant from judgment entered by *Long, J.*, at the 14 November 1983 session of Superior Court, FORSYTH County. Heard in the Supreme Court 15 November 1984.

Defendant was charged in indictments proper in form with committing a sexual offense in the first degree and with taking indecent liberties with a child. Evidence for the state tended to show that defendant was employed at an automobile body repair shop in High Point and was also an assistant pastor at the Bibleway Baptist Church in Winston-Salem. On 24 April 1982 defendant and his wife were baby-sitting with ten-year-old twins, Peter and Paul Brim, and their fourteen-year-old sister Lori, at defendant's mobile home in Kernersville. On this date defendant performed fellatio on Peter Brim while Peter was sitting on the toilet. Other evidence tended to show that defendant sexually fondled and "French kissed" Peter Brim on other occasions.

Defendant testified and denied committing any sexual acts upon Peter Brim. He also presented character witnesses on his own behalf.

Defendant was convicted of sexual offense in the first degree and of taking indecent liberties with a child. For his conviction of

the sexual offense, defendant was sentenced to life in prison, and for the conviction of taking indecent liberties, defendant was sentenced to three years' imprisonment. Defendant appeals his conviction of the sexual offense to this Court pursuant to N.C.G.S. 7A-27(a). His motion to bypass the Court of Appeals to appeal his conviction of taking indecent liberties with a child was allowed by this Court on 16 July 1984.

*Rufus L. Edmisten, Attorney General, by Jane Rankin Thompson, Assistant Attorney General, for the state.*

*Harvey L. Kennedy for defendant.*

MARTIN, Justice.

[1]  The first question for review is whether the trial court erred by permitting seven-year-old Lee Burns to testify that defendant kissed him in the mouth and touched him on his penis and behind several times during the spring of 1983. During his cross-examination of Peter Brim, defendant attempted to elicit testimony that defendant may have inadvertently touched Peter's penis while bathing him or while drying him after a bath. To counter this the state offered Lee Burns's testimony for the purpose of showing defendant's mens rea for the crimes with which he was charged in the instant case. On this point the state argued to the trial court that evidence of defendant's intentional sexual molestation of Lee Burns was relevant to the question of whether defendant had intentionally, as opposed to inadvertently, touched Peter Brim's genital area. Over defendant's objection the trial court permitted Burns's testimony for this purpose and so instructed the jury.

Defendant argues that it was error for the trial court to have admitted Burns's testimony. Defendant explains that in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954), this Court held that evidence that a defendant committed crimes other than the one for which he is being tried is inadmissible unless offered for one of several listed purposes. Defendant first argues that the testimony of Lee Burns was insufficient to establish that defendant's touching of him rose to the level of being a criminal offense as there was no evidence that the touching was improper, immoral, lewd, or lascivious. Defendant concludes that the testimony

should not have been admitted because it did not tend to show that defendant had in fact committed another crime. *Cf. State v. Moore*, 309 N.C. 102, 305 S.E. 2d 542 (1983). Second, defendant argues that Burns's testimony was incompetent to show defendant's specific intent to commit a sexual offense in the first degree as specific intent is not an element of this crime. *State v. Boone*, 307 N.C. 198, 297 S.E. 2d 585 (1982). Third, defendant contends that because defendant's touching of Burns occurred approximately one year after the incidents with which he was charged in the present case, they were too remote in time and too dissimilar in kind to have any probative value in the instant case. *See State v. Gammons*, 258 N.C. 522, 128 S.E. 2d 860 (1963).

We hold that Lee Burns's testimony was relevant to show that when defendant touched Peter Brim, it was not inadvertent but, rather, was with the mens rea required to be proven of all crimes. Moreover, while specific intent is not an element of sexual offense in the first degree, *Boone*, 307 N.C. 198, 297 S.E. 2d 585, specific intent is an element of the offense of taking indecent liberties with children. N.C. Gen. Stat. § 14-202.1; *State v. Turgeon*, 44 N.C. App. 547, 261 S.E. 2d 501 (1980). Defendant's behavior toward Lee Burns and Peter Brim was very similar and occurred under strikingly comparable circumstances. Both Lee and Peter had twin brothers and had been placed in defendant's care for baby-sitting. While at defendant's mobile home, defendant intentionally touched both young boys in their genital areas for sexual purposes. The touching was not accidental or inadvertent. Lori Brim testified that after he performed fellatio upon Peter, defendant told her that there was nothing wrong with what he did and that if Lori were a boy, he would have done it to her too. Lee Burns's testimony was properly admitted for the purpose of tending to prove that defendant had the mens rea to commit the sexual offense in the first degree and to show that defendant had the specific intent to commit the crime of taking indecent liberties with a child. The evidence was competent as showing the attitude, animus, and purpose of the defendant. *State v. Davis*, 229 N.C. 386, 50 S.E. 2d 37 (1948). *See generally* Annot., 88 A.L.R. 3d 8 (1978).

In a related argument, defendant contends that the trial judge erred in overruling an objection to a question asked by the state of Paul Brim, the victim's twin brother. After eliciting

testimony from Paul that defendant put his tongue in Paul's mouth when kissing him, the state asked Paul: "What your brother told about what happened in the bathroom, you didn't see that, did you?" Paul answered no. The state then asked, "Anything like that ever happen to you?" Defendant objected, and the trial judge asked the state the purpose for which the testimony was sought to be admitted into evidence. The state replied, "if his answer is in the affirmative, to show motive or intent or disposition of the defendant." Defendant again objected but was overruled by the trial court. The state then proceeded to question the witness:

Q. Did he ever do anything like that to you?

A. I guess.

Q. Well, yes or no?

A. One time he felt between my legs, and I—

Q. Where were you when that happened?

A. I was in the bed.

Q. Was your brother with you?

A. Yes, he was—(nods head up and down) Yes.

Q. Y'all were in the bed together?

A. Um-hum. I mean yes.

Defendant assigns as error the trial judge's overruling of defendant's objection. Defendant argues that no time frame was established for when defendant touched the witness and thus the trial judge could not have properly determined whether the incident occurred too remotely to the crimes charged to be relevant. Further, how the witness was touched was not brought out and thus no similarity between this act and the crimes for which defendant was being tried was established. Defendant contends that under *McClain*, 240 N.C. 171, 81 S.E. 2d 364, the evidence should have been excluded. Based upon the analysis and reasoning set forth in the discussion of the preceding assignment, we find no prejudicial error.

[2]   The second issue for review is whether the trial court erred by excluding certain testimony by defendant's witnesses Ginger Craven, Frances Parrish, Tamra Snyder, and Louise Craven. Defendant hoped to question these witnesses concerning the Brim family environment and Lee Burns's poor performance at school. Defendant hoped that the testimony of these witnesses would tend to show that the Brim children and Lee Burns sexually fantasized the events in question. Assuming arguendo that such testimony was improperly excluded, we find this was not prejudicial error given other evidence that defendant successfully put before the jury. Without further staining the pages of our reports by detailing this sordid testimony, we find that defendant introduced ample evidence to impeach the credibility of Peter and Lori Brim and Lee Burns. Defendant has failed to prove prejudicial error.

The third question for review is whether the trial court violated defendant's constitutional right of confrontation by restricting defendant's cross-examination of certain witnesses. Defendant lists three questions which he sought to ask Peter Brim for the purpose of impeaching his credibility. In each instance the trial court sustained objections to the question. Also, in each instance defendant failed to preserve for the record the answer that the witness would have given had he been permitted to answer. These omissions are dispositive of this exception as the reviewing court cannot determine if prejudicial error resulted. *State v. McCoy*, 303 N.C. 1, 277 S.E. 2d 515 (1981). *See generally* 1 Brandis on North Carolina Evidence § 26 (1982). Therefore, we must overrule this assignment of error.

[3]   The fourth question to which defendant contends the trial judge erroneously sustained an objection was asked during defendant's cross-examination of a detective who had investigated the crimes charged. Defendant asked:

> Q. You never talked with any of the neighbors or the teachers of these children to determine whether or not—what their reputations were, whether they were truthful or not, did you?
>
> MR. WALKER: I object.
>
> THE COURT: Sustained.

Q. You never talked with any of the teachers or neighbors in the community about these children, did you?

A. No.

MR. WALKER: Object to that.

THE COURT: Sustained.

Defendant's assignment of error is without merit because when the witness answered that she had never talked with any of the teachers or neighbors about the children, a fortiori she did not talk with them about the children's reputations for being truthful. As defendant thus elicited the answer to the question about which he now complains, there is hardly prejudicial error.

[4] Finally, defendant contends that the trial judge erred in allowing into evidence a written statement prepared by the victim's sister, Lori Brim. Defendant contends that because this statement was admitted into evidence after Lori had testified and had left the courthouse, defendant was unable to cross-examine Lori about it and therefore defendant's right of confrontation was violated. This assignment of error is meritless. During cross-examination of Detective Harless, defendant moved to require the state to produce all statements made by certain witnesses who had theretofore testified for the state. In considering whether to grant the motion, the trial judge stated that the court has discretionary authority to allow witnesses to be recalled. The court then granted the motion. Defendant examined written statements, including the one at issue here, and listened to recorded statements during a noon recess.

When court resumed defendant referred to the contents of the statement about which he now complains when cross-examining Detective Harless. During the state's redirect examination of Detective Harless, the state moved that Lori Brim's statement be admitted into evidence. This motion was granted and a copy of the statement was circulated among members of the jury. Defendant then further cross-examined Detective Harless about the contents of the statement. Defendant now argues that his right to confront Lori Brim was violated because he had no opportunity to cross-examine her about the note. We hold that defendant waived

his right to confront Lori about the note by failing to request that she be recalled as a witness.[1]

[5]   Defendant next assigns as error the admission into evidence of testimony by Peter Brim's stepmother, Mickey Leigh Brim, concerning a note written to Lori Brim by one of Lori's classmates, Shannon McKoy. The note in question had been written in response to a note Lori had written to Shannon in April 1982. Mrs. Brim testified that she found Shannon's note in Lori's purse, and Mrs. Brim was then asked: "Just generally, what was that note about without going into any details?" Defendant objected and the court asked the state, "For what purpose do you offer it, for her state of mind?" The state replied, "And subsequent action, yes, sir." The witness was then permitted to answer that the note "talked about that she shouldn't be scared to tell her stepmother or her father or maybe even tell her teacher, and that if somebody had done that to her brother, then she would be upset and she would tell somebody. And that was the gist of it." Defendant made no motion to strike the answer.

Defendant now argues that Mrs. Brim's testimony about the contents of the note was hearsay erroneously permitted into evidence. We disagree. Hearsay includes testimony by one witness concerning statements made by another person, which testimony is offered to prove the truth of the statements made by the other person. *See generally* E. Cleary, *McCormick on Evidence* § 246 (3d ed. 1984). In the present situation Mrs. Brim's testimony about Shannon McKoy's note was not offered to establish the truth of the note's contents but instead to help explain the subsequent action of Mrs. Brim in confronting her daughter, Lori, about the note. *See State v. Potter*, 295 N.C. 126, 244 S.E. 2d 397 (1978); 1 Brandis, *supra*, § 141. This is evident from the questioning the state pursued immediately after asking Mrs. Brim the question about Shannon's note:

Q. All right, after reading that note, did you discuss that matter with Lori?

1. We note that the record shows that at the beginning of the third day of the trial, the trial court stated: "All right, members of the jury, the Court has granted permission for two of the state's witnesses to return to school—all four of the school children, and they are available for recall by the defense on short notice if you'll just let us know if you need to have them recalled. All right, the defense may call its next witness."

A. It's still several more hours after that got out — until they got out of school. I had time to think through it. I'm pretty hot headed — I was pretty calm when they got there. I walked down to the bus stop and walked with Lori home. So I talked with Lori by herself and she asked that I not mention it to Peter and Paul because she promised them she wouldn't say anything about it.

Q. What did Lori tell you?

A. That she would get a —

Q. What did she tell you?

A. She said that the man was Ricky and that he had done this thing to Peter.

The evidence to which defendant is objecting was properly admitted to show why and when Mickey Leigh Brim confronted her daughter. It was not admitted for the purpose of establishing the truth of the contents of the note. Mrs. Brim's testimony about the note was not hearsay, and the trial judge properly admitted it for the limited purposes advanced by the state. *Potter*, 295 N.C. 126, 244 S.E. 2d 397.

Under this assignment of error defendant also contends that the trial judge erred in permitting Mrs. Brim to testify as to what Lori Brim had told her. During direct examination Mrs. Brim was asked, "What did [Lori] tell you she had seen?" Upon defendant's objection to this question, the court again asked the state the purpose for which the testimony sought to be elicited was being offered. The state answered that it was offered to corroborate previous testimony. After instructing the jury on corroboration, the trial court permitted Mrs. Brim to answer "[t]hat [Lori] had seen Ricky perform fellatio on her brother." Defendant now argues that it was error for the trial judge to have permitted this testimony because it did not corroborate the testimony of Lori Brim. In fact Mrs. Brim's testimony did corroborate that of Lori, as Lori testified to that effect earlier in the trial. This assignment of error is meritless.

[6] Defendant next assigns as error the trial judge's denial of defendant's motion to dismiss the charge of taking indecent liberties with a minor. N.C.G.S. 14-202.1 provides:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

(b) Taking indecent liberties with children is punishable as a Class H felony.

It is elementary that a motion to dismiss is properly overruled if, considering the evidence in the light most favorable to the state, there is any competent evidence supporting each element of the offense charged. *E.g., State v. Summitt*, 301 N.C. 591, 273 S.E. 2d 425, *cert. denied*, 451 U.S. 970 (1981). The uncorroborated testimony of a victim is sufficient to convict a defendant under N.C.G.S. 14-202.1 if his or her testimony suffices to establish all of the elements of the offense. *State v. Vehaun*, 34 N.C. App. 700, 239 S.E. 2d 705 (1977), *disc. rev. denied*, 294 N.C. 445 (1978). Peter Brim's testimony, detailed to some extent hereinbefore, was more than sufficient to survive defendant's motion to dismiss. *See, e.g., Summitt*, 301 N.C. 591, 273 S.E. 2d 425.

[7] Defendant next argues that the trial court erred by misstating certain facts during its recapitulation of the evidence. Specifically, defendant contends that the trial judge erred by telling the jury that the state's evidence tended to show that "in the spring of 1982, the defendant, Ricky Craven, put his hands between the legs of Peter Brim and tried to feel between his legs." Defendant contends that Peter Brim only stated that the defendant "played between my legs two or three times" and thus the trial court's characterization of what defendant tried to do was error.

In fact, however, Peter also testified in lurid detail as to the sexual acts of defendant with him. In light of this additional

testimony the trial court's characterization of the state's evidence was not error. Moreover, the trial judge also instructed the jury that:

> All of the evidence is important and it is your duty to consider it all as you deliberate upon your verdict when [sic]. I tell you what some of the evidence tends to show, I merely mean that if you believe the evidence under discussion, then it would tend to show the existence of certain facts. But what the true facts are and what the evidence does actually show are matters solely within your determination.

Defendant's assignment of error is without merit.

[8] Defendant next argues that the trial judge erred by impermissibly expressing an opinion with respect to evidence before the jury. The remark at issue occurred during the direct examination of Lori Brim:

Q. Where was his [defendant's] head?

A. Near Peter's penis.

Q. Could you see your brother's penis?

A. I—I saw Peter and Ricky.

THE COURT: Saw—you mean you saw Ricky's mouth on his penis?

Q. What did you do when you saw that?

A. I didn't do anything. I just stared at them.

Defendant argues that the court's comment conveyed to the jury an impression that the court was biased in favor of the state. We disagree. Immediately before the above questioning took place, Lori testified, in the language of the street, that she saw defendant committing fellatio upon Peter. In context it is clear that the trial court's question of the witness was an attempt to clarify the witness's testimony. The remark did not rise to the level of being an opinion as to the defendant's guilt or the witness's credibility. *See State v. Corbett and State v. Rhone*, 307 N.C. 169, 297 S.E. 2d 553 (1982). We reject defendant's argument.

[9] Eighteen days after the verdicts, defendant filed a motion for appropriate relief. He contends that the trial court erred in denying this motion. In the motion defendant alleged that certain written statements which had been prepared by Mickey Leigh Brim and which were in the custody of the state had been improperly withheld from defendant before trial. Defendant did not request access to these statements before or during trial. In its order denying defendant's motion for appropriate relief, the trial court ruled that because defendant failed to request any written statements of Mickey Leigh Brim, the state had not been compelled to disclose them. In light of our recent opinion in *State v. McDowell*, 310 N.C. 61, 310 S.E. 2d 301 (1984), we remand this case to the Superior Court, Forsyth County, for a hearing de novo to determine whether the undisclosed evidence would, "had it been disclosed to the jury which convicted defendant, and in light of all other evidence which that jury heard, likely have created in the jury's mind a reasonable doubt which did not otherwise exist as to defendant's guilt?" *Id.* at 73, 310 S.E. 2d at 309.

We find no error in defendant's trial.

The case is remanded to the Superior Court, Forsyth County, for a hearing de novo on defendant's motion for appropriate relief.

Justice VAUGHN did not participate in the consideration or decision of this case.